UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CHRISTOPHER GALKA,   10-11961

    Plaintiff,   District Judge Denise Page Hood

v.   Magistrate Judge R. Steven Whalen

CHRISTOPHER COLE, ET AL.,

    Defendants.
_____/

**ORDER DENYING MOTION FOR CONTINUANCE**

Plaintiff has filed a motion for a 30-day continuance to file a response brief to Defendants' reply brief regarding Defendants' motion for summary judgment. [Doc. #32]. The Plaintiff's motion will be DENIED.

On October 20, 2010, Defendants Christopher Cole and Gene Schnelz filed a motion to dismiss [Doc. #17], seeking dismissal on three grounds: (1) absolute judicial immunity (Defendant Schnelz); (2) *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)[1]; and (3) statute of limitations. The Plaintiff filed a response on December 21, 2010 [Doc. #28], and the Defendants filed a reply brief on January 12, 2011 [Doc. #31].

On November 15, 2010, Defendants Erik Clark and Pam Thompson filed a separate motion to dismiss [Doc. #20]. Plaintiff filed a response on December 9, 2010

---

[1] In *Heck*, the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.

[Doc. #24], and Defendants filed a reply brief on December 20, 2010 [Doc. #26]. The Defendants' request for dismissal is premised on failure to state a claim under Fed.R.Civ.P. 12(b)(6), sovereign immunity, prosecutorial immunity, and qualified immunity.

It is unclear whether the Plaintiff is seeking to file a supplemental brief as to motion #17 or motion #20. However, I shall not permit him to file additional briefs as to either. E.D. Mich. Local Rule 7.1(e) permits only a motion, a response, and a reply by the moving party, not a sur-reply.

Furthermore, the present motion does not suggest any legitimate grounds on which this Court might exercise its discretion to permit supplemental briefing. Plaintiff states that he "has recently uncovered relevant information in response to the Official Capacity Claim by all Defendants through a Federal Government Source.  This information further substantiates Due Process Rights in Parole Rescission Hearing in Michigan and is recognized by the Federal Government."  Even construing this vague and ambiguous statement in the light most favorable to the Plaintiff, the supplemental briefing that he requests would have no bearing on the legal issues before this Court in the Defendants' motion to dismiss in Doc. #17. As a matter of law, Judge Schnelz was either acting in his judicial capacity or not, and is therefore either entitled to immunity or not, regardless of what some "federal government source" might say.  Moreover, whatever due process right the Plaintiff has in a parole revocation hearing has no bearing on whether, at the time of filing this lawsuit, his conviction or sentence was favorably terminated for purposes of *Heck v. Humphrey*, or whether his complaint was filed within the statute of limitations.  Indeed, Plaintiff has addressed both of those issues in his responsive brief, which consists of 45 pages with exhibits [Doc. #28].

The same reasoning applies to the motion to dismiss in Doc. #20. The Plaintiff has addressed all of the Defendants' arguments in his 74-page response, including exhibits. Nothing in his present motion describes with precision any additional material or briefing that would be relevant to those issues or that would persuade this Court to allow supplemental briefing.

Accordingly, Plaintiff's motion for a 30-day continuance [Doc. #32] is DENIED, and he shall not be permitted to file a "response brief" as to any of the above Defendants' motions to dismiss.

SO ORDERED.


                        s/R. Steven Whalen
                        R. STEVEN WHALEN
                        UNITED STATES MAGISTRATE JUDGE

Date: January 31, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on January 31, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 31, 2011: **Edward Galka.**

                        s/Michael E. Lang
                        Deputy Clerk to
                        Magistrate Judge R. Steven Whalen
                        (313) 234-5217