UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CHRISTOPHER GALKA,   10-11961

         Plaintiff,   District Judge Denise Page Hood
v.   Magistrate Judge R. Steven Whalen

CHRISTOPHER COLE, ET AL.,

         Defendants.
_____/

**REPORT AND RECOMMENDATION**

On May 14, 2010, Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming nine Defendants and one "John Doe" Defendant. Before the Court are the following motions, which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B):

Doc. #17: Motion to Dismiss filed by Defendants Eugene Schnelz and Christopher Cole.

Doc. #20: Motion to Dismiss filed by Defendants Eric Clark and Pamela Thompson.

Doc. #34: Motion for Summary Judgment filed by Defendants Ronald Irby, Shirley Gordon and Teresa Williams.

For the reasons discussed below, I recommend that all three motions be GRANTED.

I further recommend that Defendants Craig Doherty, Jeffery Goldfarb and "John Doe," who do not have motions pending before this Court, be dismissed pursuant to 28 U.S.C. § 1915(e)(2), as well as the law of the case doctrine.

**I.   BACKGROUND**

This complaint arises out of the Plaintiff's two convictions in the Oakland County Circuit Court and the Macomb County Circuit Court, respectively, of Intent to Pass False Title, M.C.L. § 257.254. The complaint raises three claims: Count I: Fourth and Fourteenth Amendment Violations; Count II: Sixth Amendment Violations; and Count III: Eighth Amendment Violations. As to the Defendants in this case, Plaintiff previously filed the exact same complaint, word for word, in Docket No. 08-13321.[1] On October 9, 2009, Judge Hood entered an order of summary dismissal of that action,

---

[1] Plaintiff also raised these claims against these Defendants in yet another case, E.D. Mich. No. 07-13575. Judge Gadola dismissed that complaint without prejudice, based on improper joinder of claims. *Id.*, Doc. #4.

without prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] She described the Plaintiff's claims as follows:

> "...Plaintiff is alleging several claims in Count I. The Complaint alleges that Plaintiff's arrest, prosecution and subsequent incarceration for charges under M.C.L. § 257.254 violated the Fourth and Fourteenth Amendments. Plaintiff claims the state court had no jurisdiction over his case. Plaintiff claims his bond violated the Fourth and Fourteenth Amendments. Plaintiff also claims that various defendants conspired to stop the refinancing of his home and conspired to delay the closing of the refinancing ensuring that Plaintiff would be late for a court appearance resulting in the revocation of his bond. Count I also alleges that his parole and parole rescission hearings and the filing of fraudulent investigative holds placed on his parole hearings violated the Fourth and Fourteenth Amendments. Plaintiff further alleges he was not allowed to present any evidence of fraud and deceit during his parole hearings. Plaintiff claims that he was informed on May 15, 2008 that he had to pay the cost of counsel in the underlying criminal proceeding and that this violated his right to due process.
>
> "Count II alleges violations under the Sixth Amendment. Plaintiff claims he was denied counsel during the placing of the investigative hold on his parole and during the actual parole hearings. Plaintiff claims that if he was represented by counsel, his parole would not have been rescinded.
>
> "Count II [*sic* Count III] alleges that his $1,000,000 bond was clearly excessive for the charges against him. Plaintiff claims that his sentence, which included a sentence of fourth degree habitual offender, violated his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges that the investigative hold on his parole violated the Eighth Amendment." Case No. 08-13321, Doc. #6, at 2-3.

Because Judge Hood dismissed the entire action without prejudice under *Heck v. Humphrey*, she did not address some of the specific arguments raised in the present motions, for example, the issue of absolute judicial or prosecutorial immunity.

### III. DISCUSSION

---

[2] *Heck* bars a § 1983 suit which, if successful, would imply the invalidity of a criminal conviction that has not been favorably terminated. As Judge Hood explained in her October 9, 2008 Order, "To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated." (Internal citations omitted). *Order* at 3. The Plaintiff has alleged no facts indicating that his state court conviction has been terminated in his favor. In fact, on November 7, 2007, Judge Friedman denied his petition for writ of habeas corpus. *See Galka v. Booker*, E.D. Mich. No. 07-12271, Doc. #11. Apparently not satisfied with that decision, the Plaintiff filed a second habeas petition under E.D. Mich. No. 08-13800. Judge Lawson ordered that case transferred to the Sixth Circuit as a successive writ. On April 7, 2009, the Sixth Circuit dismissed the case for want of prosecution.

**A.  Defendants Schnelz and Cole [Doc. #17]**

1. Defendant Schnelz

At the time this action accrued, Defendant Eugene Schnelz was an Oakland County Circuit Court judge. He was the Plaintiff's sentencing judge.

Judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).  Judicial immunity may be defeated only by showing that the judge's actions were not judicial in nature or that the judge lacked jurisdiction.  *Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Because Judge Schnelz enjoys absolute immunity from claims arising out of the actions alleged in this case, he enjoys absolute immunity, and must be DISMISSED WITH PREJUDICE.

2.  Defendant Cole

Defendant Cole is an Oakland County Sheriff's Deputy who apparently requested the warrant which led to Plaintiff's arrest, and was the Officer in Charge of this case. While he is not protected by absolute immunity, he must be dismissed under the "law of the case" doctrine, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir.1989)). In her October 9, 2009 order, Judge Hood summarily dismissed Defendant Cole without prejudice pursuant to *Heck v. Humphrey*. That order stands under the law of the case doctrine, and Defendant Cole must be DISMISSED WITHOUT PREJUDICE.

**B.     Defendants Clark and Thompson [Doc. #20]**

Defendant Eric Clark is a United States Secret Service Agent. Defendant Pamela Thompson is an Assistant United States Attorney ("AUSA") for the Eastern District of Michigan. They have moved for dismissal on several grounds, the first being that as employees or agents of the federal government, they are not subject to suit under § 1983, which applies to persons acting under color of *state* law.  These Defendants are, of course, correct that federal officers and employees may not be sued under § 1983 for actions under federal law. *District of Columbia v. Carter*, 409 U.S. 418 (1976). However, *pro se* pleadings are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Therefore, I will construe the claims agains Defendants Clark and Thompson as being brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the federal analog to § 1983. Nevertheless, these Defendants must still be dismissed.

<u>1. Defendant Thompson</u>

Ms. Thompson is an AUSA who is alleged to have placed an "investigative hold" against the Plaintiff with the Michigan Department of Corrections. As the Defendant points out, "Galka's claim against AUSA Thompson turns of her decision of whether or not to bring federal charges against Galka." *Defendant's Brief*, Doc. #20, at 18. Therefore, she is protected by absolute prosecutorial immunity because her alleged conduct was "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Protected prosecutorial conduct includes action taken in conjunction with decisions whether or not to prosecute. *See Burns v. Reed*, 500 U.S. 478, 486 (1991); *Siano v. Justices of Massachusetts*, 698 F.2d 52 (1st Cir. 1983); *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988). Therefore, Defendant Thompson must be DISMISSED WITH PREJUDICE.

<u>2.  Defendant Clark</u>

In her October 9, 2009 order, Judge Hood summarily dismissed Defendant Clark without

prejudice pursuant to *Heck v. Humphrey*. That order stands under the law of the case doctrine, and Defendant Clark must be DISMISSED WITHOUT PREJUDICE.

### C.    Defendants Irby, Gordon and Williams [Doc. #34]

All three of these Defendants were dismissed in Judge Hood's October 9, 2009 order pursuant to *Heck v. Humphrey*. That order stands under the law of the case doctrine, and Defendants Irby, Gordon and Williams must be DISMISSED WITHOUT PREJUDICE.

### D.    Defendants Craig Doherty, Jeffery Goldfarb and "John Doe"

These Defendants have not filed motions, and neither Doherty nor John Doe has been served. Nevertheless, the Court should dismiss them *sua sponte*.

Because the Plaintiff requested and has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

> "[T]he court shall dismiss the case at any time if the court determines that-
> 
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian,* 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997).  A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

1.    Defendant Goldfarb

Defendant Goldfarb is a bail bondsman. He is a private individual who arranged to pay Petitioner's bond, not a state actor. Section 1983 provides a remedy against state actors, not private individuals. *Tahfs v. Proctor,*  316 F.3d 584, 590 (6th Cir.2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."

(quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999))); *Hassink v. Mottl* 47 Fed. Appx. 753 (6th Cir. 2002)(bail bondsman not involved in setting bail is not a state actor under § 1983); *Dean v. Olibas*, 129 F.3d 1001 (8th Cir. 1997). Nor is there any plausible allegation in this complaint that Goldfarb conspired with state officials. *See Cooper v. Parrish,* 203 F.3d 937, 952 n. 2 (6th Cir.2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983....").

Because Plaintiff has failed to state a claim against Goldfarb, that Defendant must be DISMISSED WITH PREJUDICE.

<u>Defendants Doherty and "John Doe"</u>

Judge Hood dismissed the complaint against these Defendants in her October 9, 2009 order, pursuant to *Heck v. Humphrey*. That order stands under the law of the case doctrine, and Defendants Doherty and "John Doe" must be DISMISSED WITHOUT PREJUDICE.

### IV.   CONCLUSION

For these reasons, I recommend as follows:

(1) That the Motion to Dismiss filed by Defendants Eugene Schnelz and Christopher Cole [Doc. #17] be GRANTED, dismissing Defendant Schnelz WITH PREJUDICE, and dismissing Defendant Cole WITHOUT PREJUDICE.

(2) That the Motion to Dismiss filed by Defendants Eric Clark and Pamela Thompson [Doc. #20] be GRANTED, dismissing Defendant Thompson WITH PREJUDICE and Defendant Clark WITHOUT PREJUDICE.

(3) That the Motion for Summary Judgment filed by Defendants Ronald Irby, Shirley Gordon and Teresa Williams [Doc. #34], more properly construed as a motion to dismiss, be GRANTED, dismissing all three of these Defendants WITHOUT PREJUDICE.

(4) That pursuant to 28 U.S.C. § 1915(e)(2), the Court *sua sponte* dismiss Defendant Goldfarb WITH PREJUDICE, and Defendants Doherty and "John Doe" WITHOUT PREJUDICE.

I further recommend that the Plaintiff be ordered to obtain leave of the Court before filing any further complaints in any way related to his arrest, conviction, sentencing or parole proceedings as set forth in his present complaint.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Date: July 18, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on July 18, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 18, 2011: **Edward Christopher Galka.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge R. Steven Whalen
                                                  (313) 234-5217