**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWARD CHRISTOPHER GALKA,

    Plaintiff,                                     Case No. 10-11961
                                                Honorable Denise Page Hood

v.

CHRISTOPHER COLE et al.,

    Defendants.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**REGARDING DISPOSITIVE MOTIONS,**
**ORDER DISMISSING ACTION,**
**and**
**ORDER DIRECTING PLAINTIFF TO REQUEST LEAVE OF COURT**
**BEFORE FILING ANY NEW ACTION**
**REGARDING THE UNDERLYING CONVICTION**

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation filed July 28, 2011 [Doc. No. 43]. Plaintiff filed Objections to the Report and Recommendation on August 12, 2011. Responses were filed to the Objections on August 25 and 26, 2011.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2).

A party must "specify the part of the order, proposed findings, recommendation, or report to which a person objects" and "state the basis for the objection." E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Overly broad objections do not satisfy the objections requirement. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Vague objections which do not relate to specific findings by the Magistrate Judge do not merit review and a court is not required to address such vague objections. *Id.*

In Section II, the "Discussion" portion of his Objections, Plaintiff argues that the Magistrate Judge's conclusion that this Court's previous ruling in dismissing the same Complaint filed by Plaintiff in Case No. 08-13321, *Galka v. Cole*, based on *Heck v. Humphrey,* 512 U.S. 477 (1994), should not be followed in this case and that the law of the case doctrine should not be applied. Plaintiff cites *Spencer v. Kemna,* 523 U.S. 1 (1998) to support his argument.

The Court agrees with the Magistrate Judge that this Court's previous ruling in the 08-13321 case as to *Heck* applies in this case. Plaintiff agrees the two Complaints are the same. Plaintiff has not shown that the underlying criminal conviction has been set aside in his favor. As noted by the Magistrate Judge, the Honorable Bernard A. Friedman in fact denied Plaintiff's petition for writ of habeas corpus in *Galka v. Booker,* Case No. 07-12771. (R&R, n. 2) The Magistrate Judge also noted that Plaintiff filed a second habeas petition, Case No. 08-13800, *Galka v. Caruso,* which was before the Honorable David M. Lawson who transferred the case to the Sixth Circuit Court of Appeals as a successive writ and was later dismissed by the Sixth Circuit for lack of prosecution. (R&R, n. 2) The Magistrate Judge further noted that Plaintiff previously filed a Section 1983 case

raising the same issues as in this case and in the 08-13321 case before the Honorable Paul V. Gadola, Case No. 07-13575, *Galka v. Cole.* (R&R, n. 1)

The *Spencer* case is not applicable since the Supreme Court did not address the law of the case doctrine but only discussed issues of mootness and due process in the habeas corpus petition process. Here, Plaintiff has filed a § 1983 action, which again attempts to raise issues regarding his conviction. The Court agrees with the Magistrate Judge that the law of the case doctrine applies in this case.

In Section III of the Objections, Plaintiff argues that each Defendant should not be dismissed, generally raising arguments that each Defendant is liable, without addressing why the Magistrate Judge's findings are in error.

Regarding the Defendants associated with Oakland County, the Court agrees with the Magistrate Judge that Defendant Judge Gene Schneltz, the sentencing judge with the Oakland County Circuit Court, is entitled to absolute immunity and should be dismissed with prejudice. The Court also agrees with the Magistrate Judge that Defendant Chris Cole, an Oakland County Sheriff's Deputy, is entitled to dismissal without prejudice based on this Court's previous ruling that the claims be dismissed under *Heck v. Humphrey*.

As to the Defendants employed by the United States Attorney's Office, the Court agrees with the Magistrate Judge that Pam Thompson, an Assistant United States Attorney, must be dismissed with prejudice because she is entitled to absolute prosecutorial immunity. The Court also agrees with the Magistrate Judge that Defendant Eric Clark, an Assistant United States Attorney, must be dismissed without prejudice based on this Court's previous ruling that the claims be dismissed under *Heck v. Humphrey.*

The Court agrees with the Magistrate Judge that the State of Michigan Defendants Ronald Irby, Shirley Gordon and Teresa Williams must be dismissed without prejudice based on this Court's previous ruling that the claims be dismissed under *Heck v. Humphrey.* Regarding the non-moving Defendant Craig Doherty, an investigator with the Michigan Secretary of State, the Court agrees with the Magistrate Judge that this Defendant be dismissed without prejudice based on this Court's previous ruling that the claims be dismissed under *Heck v. Humphrey.* The Court also agrees that the non-moving Defendants Jeffery Goldfarb and John Doe employed with the Goldfarb Bonding Agency, must be dismissed for failure to state a claim under 42 U.S.C. § 1983.

The Magistrate Judge also recommended that Plaintiff be ordered to obtain leave of court before filing any further complaints related to his arrest, conviction, sentencing or parole proceedings set forth in this Complaint. Given that Plaintiff has now filed five cases relating to his underlying conviction, the Court agrees that Plaintiff must obtain leave of court before filing any further complaints related to this conviction. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). *See Case Nos.: 07-12271 (habeas)(Friedman); 08-13800 (habeas)(Lawson); 08-13321 (42 U.S.C. § 1983)(Hood)*; *07-13575 (42 U.S.C. § 1983)(Gadola)* and this case, *10-11961 (42 U.S.C. § 1983)(Hood).*

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation **[Doc. No. 43, filed 7/18/2011]** is ACCEPTED AND ADOPTED as this Court's findings of fact and conclusions of law. Plaintiff's Objections **[Doc. No. 46, filed 8/12/2011]** are OVERRULED.

IT IS FURTHER ORDERED that the Motion to Dismiss **[Doc. No. 17, filed 10/20/2010]**

4

is GRANTED.

IT IS FURTHER ORDERED the Motion to Dismiss **[Doc. No. 20, filed 11/15/2010]** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment **[Doc. No. 34, filed 1/26/2011]** is GRANTED.

IT IS FURTHER ORDERED that the Motion for a Fourteen Day Continuance to File a Response **[Doc. No. 45, filed 7/29/2011]** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED and all Defendants are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff must obtain leave of court before filing any further new complaints related to his arrest, conviction, sentencing or parole proceedings as set forth in this Complaint and in previous actions noted above.

s/Denise Page Hood  
United States District Judge

Dated: August 31, 2011

I hereby certify that a copy of the foregoing document was served upon Edward Christopher Galka, 8583 Frederick Drive, Washington Township, MI 48094 and counsel of record on August 31, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager