UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CHRISTOPHER GALKA,

    Plaintiff,
                                      Case No. 10-11961
                                      Honorable Denise Page Hood

v.

CHRISTOPHER COLE et al.,

    Defendants.

_____/

**ORDER REGARDING MOTIONS FOR RECONSIDERATION**
**and**
**ORDER THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**

    This matter is before the Court on Plaintiff Edward Christopher Galka's Motions for Reconsideration filed September 28, 2011 and January 25, 2012. On August 31, 2011, the Court entered a Judgment and Order adopting the Magistrate Judge's Report and Recommendation dismissing Plaintiff's Compliant and Directing Plaintiff to Request Leave of Court Before Filing of Any New Action Regarding the Underlying Conviction.

    An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral

argument thereon shall be allowed unless the Court orders otherwise.  E.D. Mich. LR 7.1(h)(2).  Plaintiffs' motion is timely filed.  The Local Rule further states:

> (3)  **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).  However, courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines.  Nor do the courts grant special or preferential treatment to *pro se* parties in responding to motions.  *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Although Plaintiff asserts in his motion that he is not seeking a determination as to the constitutionality of the underlying criminal conviction, the Court finds otherwise.  Plaintiff's motion reargues and rehashes the issues raised before the Court.  The Court finds that Plaintiff's motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication.  Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled.  Plaintiffs has not shown the

Court clearly erred in its ruling.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration with Leave to Amend the Complaint [**Docket Entry No. 51**] and Motion for Disposition re Motion for Reconsideration [**Docket Entry No. 52**] are DENIED.

IT IS FURTHER ORDERED that Plaintiff must obtain leave of court before filing any further new complaints related to his arrest, conviction, sentencing or parole proceedings as set forth in this Complaint and in previous actions noted above.

IT IS FURTHER ORDERED that any appeal from this Court's Orders is frivolous and not taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 10, 2012

I hereby certify that a copy of the foregoing document was served upon Edward Christopher Galka, 8583 Frederick Drive, Washington Township, MI 48094  and  counsel of record on May 10, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

3